## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| 1.   DAVID ANDERSON, )<br>           )<br>       Plaintiff, )<br>           )<br>v.          )<br>           )<br>1.   CONSOLIDATED OWS )<br>     MANAGEMENT, INC., )<br>           )<br>2.   CONSOLIDATED OIL WELL )<br>     SERVICES, LLC, )<br>           )<br>       Defendant. ) | Case No. CIV-15-523-C<br><br>JURY TRIAL DEMANDED<br><br><br>ATTORNEY LIEN CLAIMED |

## COMPLAINT

**COMES NOW THE PLAINTIFF** and hereby pleads his claims as follows:

## PARTIES

1. The Plaintiff is David Anderson, an adult resident of Kay County, Oklahoma.

2. The Defendants are:

   A.   Consolidated OWS Management, Inc. (hereafter "Management"), a company doing business in Kay County, Oklahoma.

   B.   Consolidated Oil Well Services, LLC (hereafter "Services"), a foreign limited liability company doing business in Kay County, Oklahoma.

## JURISDICTION AND VENUE

3. Plaintiff's actions are for disability discrimination and retaliation after Plaintiff requested reasonable accommodations, in violation of the Americans with Disabilities Act and the Oklahoma Anti-Discrimination Act. Jurisdiction over Plaintiff's federal claim is vested pursuant to 42 U.S.C. § 12117(a) and  28 U.S.C. § 1331. The state claim arises out of the same core of facts and jurisdiction over these claims is vested in 28 U.S.C. § 1367(b).

4. The Plaintiff was terminated in Kay County, Oklahoma and the Defendants may be

1

served in that county.  Kay County is within the Western District of Oklahoma such that venue is proper pursuant to 28 U.S.C. § 1391(b).

## STATEMENT OF FACTS

5.    Defendants have fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year and is a covered employer under the ADA.  There is no minimum employee requirement to be liable under Oklahoma's Anti-discrimination Act.

6.    Plaintiff reported to Defendant Services, who controlled his schedule, daily job duties, directly supervised his actions, ensured Plaintiff was properly certified, and was identified on his employment agreement. On information and belief, Defendant Management owns Services, made the decision or was involved in the decision to terminate Plaintiff, distributed Plaintiff's pay and governed the policies and procedures governing Plaintiff's employment, including the handbook and time of procedures/requests. As such, Defendants constitute a joint employer or an integrated enterprise for purposes of Plaintiff's claims.

7.    Plaintiff began work for Defendants around January 13, 2013 until his termination on or around January 19, 2015. At the time of his termination, Plaintiff worked under the job title of equipment operator.

8.    Plaintiff suffers from post traumatic stress disorder (PTSD) and related emotional disorders, which, without mitigating measures substantially limit one or more major life activities and bodily functions, including (but not necessarily  limited to):

    A.    Plaintiff's bodily function of controlling adrenaline production and/or neurological responses is substantially limited;

    B.    Plaintiff's major life activity of sleeping is impaired in that at least 4 to 5 times per week experiences nightmares and/or is unable to fall asleep;

    C.    Plaintiff's mental function is effected in that at times he suffers from suicidal

2

ideation;

D.    Plaintiff's heart rate and blood pressure will rise rapidly in response to otherwise innocuous stimuli;

E.    Plaintiff will be hyper-attentive or hyper-alert and react disproportionately to perceived threats compared to the average person.

9.    As a result of the limitations set out in Para. 8, above, Plaintiff suffers from a disability as defined by all three prongs of the Americans with Disabilities Act in that he suffers from a condition which materially impairs major life activities and bodily functions as defined by 42 U.S.C. § 12102(1)(A), (2)(B) and/or is regarded as having an  impairment as defined by 42 U.S.C. § 12102(1)(C), (3), and/or has a record of disability as defined in 42 U.S.C. § 12102(1)(B).

10.   Plaintiff informed his coworkers and supervisor, Josh Pederson (Operations Manager), as well as his on-site supervisors, Chad Carter and Jay (last name unknown), about his disability so that if symptoms arose, they would know how to react.

11.   Plaintiff requested reasonable accommodations from his employer, including at least time off work for medical appointments on approximately a monthly basis, and the ability to take a break to cool down in the event his condition was triggered

12.   Around the beginning of 2014, Plaintiff informed Chad Carter, Jay (last name unknown), and Josh Pederson that he was being evaluated by the Department of Veterans Affairs to receive a diagnosis for the emotional conditions he was experiencing. Plaintiff requested that his supervisors "bear with him" during the time of diagnosis, and while the triggers for his condition (described in Para 8, above) were being determined.

13.   Plaintiff also requested that his coworkers, whom he would travel and share hotel rooms with, not make sudden movements (particularly at night) which would trigger

3

his condition.

14.     On or around January 8, 2015, Plaintiff reprimanded the day shift for arriving late to
        the work location and failing to promptly relieve the night shift workers.

15.     As Plaintiff left the area with the day shift employees, one such employee, Keith
        Stafford, angrily approached Plaintiff and attempted to punch Plaintiff. Plaintiff saw
        such attack in his peripheral vision, triggering his PTSD. Plaintiff responded by
        pushing off his attacker and telling him to back off.

16.     Plaintiff reported the incident to Josh Pederson, Operations Manager, on or around
        January 8, 2015.

17.     Plaintiff took his previously-scheduled vacation from approximately January 9, 2015
        until January 19, 2015.

18.     On or around January 19, 2015, Mr. Pederson terminated Plaintiff's employment,
        citing the results of an investigation into the incident. However, such reason is
        pretextual in that the "investigation" was skewed and incomplete, and that Defendant
        knew Plaintiff did not initiate the physical altercation.

19.     The other party to the altercation, an employee who is not disabled, was not
        investigated or disciplined as a result of the incident.

20.     Defendants' policies and practices regarding altercations are not uniformly enforced.
        Rather, Plaintiff's termination was motivated by his disability and requests for
        reasonable accommodation.

21.     As a direct result of his termination the Plaintiff has suffered, and continues to suffer,
        lost wages (including back, present and front pay along with the value of benefits
        associated with such wages), and emotional distress/dignitary harm damages
        including stress, anxiety, sadness, embarrassment and similar unpleasant emotions.

22.     Plaintiff has exhausted his administrative remedies by timely filing an EEOC charge
        of discrimination on or around March 10, 2015.  The EEOC issued Plaintiff his right

to sue letter on March 12, 2015, and Plaintiff received such letter thereafter. This complaint is timely filed within ninety days of Plaintiff's receipt of his right to sue letter.

23. Discrimination on the basis of a disability, actual or regarded as, and retaliation for Plaintiffs' requests for accommodation is contrary to the ADA and the OADA.

24. Plaintiff is entitled to compensation for his lost wages (past, present and future including the value of benefits associated with such wages), emotional distress/dignitary harm damages, attorney fees and costs.

25. Because the actions of the Defendants were willful, malicious or, at the least, in reckless disregard for Plaintiff's federally and state protected rights such that Plaintiff is entitled to an award of punitive damages under both federal and Oklahoma law.

## **PRAYER**

**WHEREFORE**, Plaintiff prays that he be granted judgement in his favor and against the Defendants on all of his claims, and that this Court grant all available relief including, but not limited to, compensatory damages, punitive damages, costs, attorney's fees and any other legal or equitable relief allowed by law.

**RESPECTFULLY SUBMITTED THIS 14th DAY OF MAY 2015.**

HAMMONS, GOWENS, HURST & ASSOC.

s/ Leah M. Roper
Mark Hammons, OBA No. 3748
Amber L. Hurst OBA No. 21231
Leah M. Roper, OBA No. 32107
325 Dean A. McGee Ave.
Oklahoma City, Oklahoma 73102
Telephone: (405) 235-6100
Facsimile: (405) 235-6111
Email: leah@hammonslaw.com
*Counsel for Plaintiff*
JURY TRIAL DEMANDED
ATTORNEY LIEN CLAIMED